THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ENRIQUE RIVERA VÁZQUEZ, Defendant and Appellant.

No. 9808. Argued February 10, 1943.—Decided March 9, 1943.

*F. Pérez Regis* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal)*, for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

The defendant has appealed from a conviction for violation of §4, Act No. 25, Laws of Puerto Rico, 1933, Second Special Session. This Section makes it a criminal offense for any person to be "caught carrying or conveying any slip of paper, note, ticket, notebook, list of numbers, or implements, knowing that the same are used for the illegal games of *'bolita', 'boli-pool'*, clandestine combinations related to the *pools* of the hippodromes of Puerto Rico, and clandestine lotteries; . . .".

It is undisputed that when the defendant was apprehended he had on his person 73 tickets for a lottery played in connection with the last three numbers of the first prize for the Santo Domingo lottery. The information alleging these facts was sufficient to state the offense charged herein. *The People* v. *Fontana,* 16 P.R.R. 626, 28; *The People* v. *Del Moral et al.,* 16 P.R.R. 621.

■ We are unable to follow the defendant in his contention that the lower court erred in weighing the testimony. Without any reference to the testimony for the government, the testimony of the defendant himself as to the above facts was sufficient to convict. The defendant's theory herein is predicated on the argument that there was no testimony from which it might be inferred that the defendant was engaged in selling tickets for a clandestine lottery. But that is not the offense charged in this case. The court had only to find that the defendant was knowingly carrying such tickets, and that was abundantly established by the testimony.

■ The *Fiscal* of this court concedes that the lower court erred in ordering that the $90.62 in cash which the defendant was carrying on his person when apprehended should be covered into the Insular Treasury, as there is nothing in the testimony which shows any connection between the carrying of this money by the defendant and the offense of carrying lottery tickets.

The judgmnet of the district court will be modified to provide for the return of the money seized herein to the defendant. As thus modified, the judgment will be affirmed.